UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HITACHI MEDICAL SYSTEMS AMERICA, INC., | ) ) ) | Case No: 5:09-cv-1575 |
| Plaintiff, | ) ) | |
| v. | ) ) | MAGISTRATE JUDGE GEORGE J. LIMBERT |
| DANIEL BRANCH, et. al., | ) ) | |
| Defendant. | ) | **ORDER** [Re: ECF Dkt. #114] |

Before the Court is a "Motion for Reconsideration" filed by Non-Parties, Custodian of Records of Love Muscle Racing, Inc. and Living Life Enterprises, Inc., (collectively "Non-Parties"). ECF Dkt. #114. Non-Parties request that the Court reconsider its Order issued on July 12, 2010, denying two pro se objections to subpoenas to produce documents, information, or objects or to permit inspection of premises. ECF Dkt. #108 & #109. For the following reasons, the Court DENIES Non-Parties' motion for reconsideration. ECF Dkt. #114.

"Although 'motions to reconsider are not ill-founded step-children of the federal court's procedural arsenal,' they are 'extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged.'" *McConocha v. Blue Cross and Blue Shield Mut. of Ohio*, 930 F.Supp. 1182, 1184 (N.D. Ohio 1998)(quoting *In re August, 1993 Regular Grand Jury*, 854 F.Supp. 1403, 1406 (S.D.Ind.1994)). "To be sure, 'a court can always take a second look' at a prior decision; but 'it need not and should not do so in the vast majority of instances,' especially where such motions 'merely restyle or re-hash the initial issues.'" *Id.* (quoting *In re August, 1993 Regular Grand Jury*, 854 F.Supp at 1407). "It is not the function of a motion to reconsider either to renew arguments

already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.' " *Id.* (quoting *In re August, 1993 Regular Grand Jury*, 854 F.Supp at 1408). Where a party views the law in a light contrary to that of this Court, its " 'proper recourse' is not by way of a motion for reconsideration 'but appeal to the Sixth Circuit.' " *Id.*(quoting *Dana Corp. v. United States*, 764 F.Supp. 482, 489 (N.D.Ohio 1991)).

Motions for reconsideration of a judgment are construed as motions to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *See Moody v. Pepsi-Cola Metropolitan Bottling Co.*, 915 F.2d 201, 206 (6th Cir.1990). The Sixth Circuit has determined that a court should grant a motion for reconsideration only "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *Gencorp, Inc. v. Am. Int'l Underwriters Co.*, 178 F.3d 804, 834 (6th Cir.1999) (citations omitted). A motion under Fed. R. Civ. P. 59(e) is not an opportunity to re-argue a case, but rather is aimed at reconsideration, not initial consideration. *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Parties should not file motions for reconsideration to relitigate issues that the Court has already considered or to raise arguments which could and should have been made before the issuance of judgment. *See id.*

Non-Parties argue that they do not need to be represented by counsel because they are not parties to this case. However, "[j]ust as a corporation cannot act except through its agents and officers, it generally cannot participate in litigation except through counsel." *Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir.1984). "The rule of this circuit is that a corporation cannot

-2-

appear in federal court except through an attorney." *Id.*, *citing Ginger v. Cohn,* 426 F.2d 1385, 1386 (6th Cir.1970); *United States v. 9.19 Acres of Land,* 416 F.2d 1244, 1245 (6th Cir.1969).

Further, Non-Parties have still failed to identify their respective custodians of record. (*See* ECF Dkt. #111). The signatures on both of the corrected objections do not provide actual names for the Records Custodians. ECF Dkt. #114. Therefore, the Court finds that even if Non-Parties could proceed pro se they have still failed to comply with Rule 11(a).

Non-Parties have asked for leave for an attorney to file an attorney appearance on their behalf. The Court has already stricken their objections to the subpoenas, so this relief is not appropriate on a motion for reconsideration. The Court will not consider a motion by Non-Parties unless and until Non-Parties are represented by counsel.

In conclusion, the Court finds there has been no (1) intervening change in the controlling law; (2) showing of evidence not previously available; (3) showing of a clear error of law; or (4) showing of a prevention of manifest injustice.

Accordingly, the Court DENIES Non-Parties' motion for reconsideration. ECF Dkt. #114.

**IT IS SO ORDERED.**

Date: July 20, 2010                                                  */s/ George J. Limbert*
                                                                             George J. Limbert
                                                                             U.S. Magistrate Judge