**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

HITACHI MEDICAL SYSTEMS      )     CASE NO.  5:09-cv-01575
AMERICA, INC.      )
     )
           Plaintiff,      )     JUDGE SARA LIOI
     )
vs.      )
     )
DANIEL BRANCH,      )     MEMORANDUM OPINION AND
et al.,      )     ORDER
     )
     )
           Defendant.      )

This matter is before the Court on an objection two non-party recipients of document subpoenas filed to orders issued by the Magistrate Judge striking their objections to the subpoenas and denying their motion for reconsideration.

**I. Introduction**

In addition to his role as a shareholder and corporate officer of Horizon Medical Group and its related entities, Defendant David Branch is also the Records Custodian for two corporations that are not parties to this litigation: Living Life Enterprises, Inc. (LLE) and Love Muscle Racing, Inc. (LMR). Plaintiff Hitachi Medical Systems, Inc. issued document subpoenas to both LLE and LMR. David Branch, in his capacity as the Records Custodian for both entities, objected to the subpoenas on grounds that the sought-after documents are private, confidential, and proprietary, and, in any event, irrelevant to the litigation. (Doc. Nos. 108 & 109.) In an order dated July 14, 2010, Magistrate Judge Limbert, to whom this matter has been referred for general pretrial supervision and preparation of a report and recommendation on any dispositive motions (Doc. No. 68), struck the objections because they failed to properly identify the companies'

1

records custodians and because corporations cannot appear in federal court unless represented by an attorney. (Doc. No. 111.) David Branch promptly attempted to correct the former deficiency (by identifying himself as the Records Custodian) (Doc. No. 113) and moved for reconsideration. (Doc. No. 114.) The Magistrate Judge denied reconsideration, finding the remedial attempts defective because the objections still did not provide the actual names of the records custodians (adding only an illegible signature, apparently belonging to David Branch) and the non-parties failed to demonstrate any error sufficient to justify relief under Federal Rule of Civil Procedure 59(e).

This matter is now before the Court on David Branch's objection (in his capacity as the Records Custodian for LLE and LMR) to the Magistrate Judge's orders. For the reasons that follow, the objection is overruled.

## II. Law and Analysis

When a party timely objects to a magistrate judge's order on a non-dispositive matter, the district judge must set aside any part of the order that is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). A decision is "clearly erroneous" when, "although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

In the objection, LLE and LMR assert that "since they are not parties to this action, and have only been involved in this lawsuit because of discovery subpoenas issued to them, they may appear for the sole purpose of objecting to the subpoenas without retaining an attorney." (Doc. No. 130.) Thus, they appear to argue that Magistrate Judge Limbert acted contrary to law in striking their objections due their lack of representation.

The objecting parties supply no authority at all for their position that corporations can appear in federal court without an attorney for purposes of objecting to a subpoena. They presented this same unsupported argument in their motion for reconsideration, and the Magistrate Judge rejected it, correctly noting that "[t]he rule of this circuit is that a corporation cannot appear in federal court except through an attorney." *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984). The Court's independent research revealed no basis for finding that corporations wishing to object to validly-issued subpoenas are exempt from this rule. Accordingly, the Court finds that the Magistrate Judge did not act contrary to law in striking the objections and denying the motion for reconsideration.

## III. Conclusion

For the foregoing reasons, the objection is **OVERRULED.**

**IT IS SO ORDERED**.

Dated:      August 3, 2010

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

3