UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HITACHI MEDICAL SYSTEMS AMERICA., INC., | ) ) | Case No. 5:09cv1575 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID BRANCH, et al., | ) | Magistrate Judge George J. Limbert |
| | ) | |
| Defendants. | ) | **ORDER** |
| | ) | Re: ECF Dkt. #126, 127, 128, 129, 145 |
| | ) | |

The instant matter is before the Court on David Branch's (Defendant) objections to non-party subpoenas and Hitachi Medical Systems America, Inc.'s (Plaintiff) subsequent request for a telephone conference regarding the objections. ECF Dkt. #126, 127, 128, 129, 145. For the following reasons, the Court DENIES Plaintiff's request for a telephone conference (ECF Dkt. #145), and OVERRULES Defendant's objections to non-party subpoenas with respect to Love Muscle Racing, Inc. (Love Muscle), Offshore Racing Madness, Inc. (Offshore), and Living Life Enterprises, Inc. (Living Life). ECF Dkt. #126, 127, 129. The Court holds ruling with respect to Questar in abeyance and instructs Plaintiff to file a response to Defendant's objection, demonstrating the propriety of the subpoena with respect to Questar, in accordance with Local Rule 7.1.(d). ECF Dkt. #128.

I. **Procedural History**

On July 9, 2009, Plaintiff filed a complaint alleging Defendant, among other things, committed fraudulent transfer of monetary funds from Horizon Medical Group, Inc. to Med Fund, LLC and other entities. The subpoenas at issue demand Love Muscle, Offshore, Living Life and Questar to produce documents, information, or objects, or to permit an inspection of their premises. *Id.* On August 9, 2010, the Court noted it would address Defendant's objections to the non-party subpoenas in a subsequent, separate order. ECF Dkt. #137. In the same order, the Court directed

Plaintiff to file a Local Rule 37.1 letter related to other discovery disputes. *Id.* On August 11, 2010, Plaintiff filed a notice of request for a Local Rule 37.1 telephone conference regarding Defendant's objections to non-party subpoenas. ECF Dkt. #145.

## II.     Plaintiff's Request for a Telephone Conference

The Court denies Plaintiff's request for a Local Rule 37.1 telephone conference. ECF Dkt. #145. The Court's August 9, 2010 order stated that the Court would address Defendant's objections to non-party subpoenas in a subsequent, separate order. ECF Dkt. #137. In the same order, the Court directed Plaintiff to file a Local Rule 37.1 letter related to other discovery disputes. *Id.* In regard to the instant objections, the Court has made known it would be issuing a subsequent, separate order to resolve this issue, and has been awaiting a response brief from Plaintiff in accordance with Local Rule 7.1. For the foregoing reasons, the Court DENIES Plaintiff's request for a telephone conference. EFC Dkt. #145.

## III.     Defendant's Objections to Non-Party Subpoenas With Respect to Love Muscle, Offshore, and Living

Defendant alleges the subpoenas demanding Love Muscle, Offshore, Living Life, and Questar are privileged and therefore should not be discoverable. ECF Dkt. #126, 127, 128, 129. Plaintiff contends that Defendant does not have standing to raise an objection because the subpoenas relate to non-parties.

"Ordinarily, a party does not have standing to quash a subpoena served on a third party, unless the party has a personal right or privilege with respect to the requested documents. *Chamberlain v. Farmington Sav.Bank*, No. 3:06CV01437, 2007 WL 2786421, at *1 (D. Conn. September 25, 2007; *see Johnson v. Guards Mark Security*, No. 4:04cv2447, 2007 WL 1023309, at *1 (N.D. Ohio March 31, 2007). *Johnson*, 2007 WL 1023309, at *1. Discovery requests must be "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). In determining the scope of discovery under a subpoena, a court must consider whether a request contained in a subpoena is overly-broad or irrelevant to the claims and defenses of any party. "If relevance is not apparent on the face of the discovery request, the burden is on the party seeking the discovery request to show relevance." *Id.*

Defendant in this case does have standing to object to the non-party subpoenas because he claims the information sought is privileged. In addition, Defendant has the burden of showing the information is actually privileged. However, he merely asserts that the documents are "private, confidential, and proprietary." He also contends that the documents requested are subject to statutory and constitutional rights of privacy, but he does not specify an applicable statute or constitutional provision. These assertions are inadequate to identify a violation of a privilege held by Defendant. Therefore, his privilege argument fails.

Defendant also contests the relevance of the information sought. Federal Rule of Civil Procedure 26(b) sets forth the general scope of discovery, as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). According to Florida's Secretary of State website, Defendant is an officer of Love Muscle, Offshore, and Living Life, and therefore could possibly assert control over the monetary funds and business decisions.[1] Plaintiff alleges that Defendant committed fraudulent transfer of funds from Horizon Medical Group, Inc. to Med Fund, LLC and other entities. ECF Dkt. #1 at ¶ 41. Plaintiff's request for records could result in discovering evidence showing where funds are located. Therefore, Plaintiff's request of records pertaining to companies over which Defendant has potential control is reasonably calculated to lead to the discovery of admissible evidence and is proper. Defendant's objections to non-party subpoenas are empty assertions that these discovery requests are "completely unrelated" to the claims and defenses of this case. Defendant's objections are OVERRULED with respect to Love Muscle,

---

[1] *See* Florida Secretary of State's website, *available at* http://www.sunbiz.org/index.html (click "Look up a Business Name", then "Search by Party Name" and search for, respectively, "Love Muscle Racing, Inc.", "Offshore Not For Profit, Inc.", and "Living Life Enterprises, LLC".

Offshore, and Living Life.

Because Defendant is not named as an officer of Questar, and Plaintiff has not demonstrated what relationship Defendant may have with Questar, the Court holds ruling with respect to Questar in abeyance. The Court instructs Plaintiff to file a response to Defendant's objection in accordance with Local Rule 7.1(d), and demonstrate that Questar possesses matter that is relevant to Plaintiff's claims and defenses.

## IV.    Conclusion

For the foregoing reasons, the Court OVERRULES Defendant's objections to non-party subpoenas relating to Love Muscle, Offshore, and Living Life.  These entities are ordered to respond to the subpoenas on or before August 20, 2010, unless their respective subpoena specifies a later date to respond.

**IT IS SO ORDERED.**

Date: August 13, 2010                         _____*/s/George J. Limbert*_____
                                                                GEORGE J. LIMBERT
                                                                UNITED STATES MAGISTRATE JUDGE

-4-