# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| HITACHI MEDICAL SYSTEMS AMERICA, INC., | ) ) | CASE NO.  5:09-CV-01575 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| | ) | |
| DANIEL BRANCH *et al.*, | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on Defendant David Branch ("Defendant")'s Objection to Magistrate Judge's order dated August 13, 2010 (Doc. No. 151), concerning three non-party subpoenas. (Doc. No. 168.) Plaintiff filed an opposition to Defendant's objections. (Doc. No. 172.) This matter is ripe for determination.

## I.      Introduction

Plaintiff served subpoenas on three entities, none of which are parties to the instant action: Living Life Enterprises, Inc. ("Living Life"), Offshore Racing Madness, Inc. ("Offshore Racing"), and Love Muscle Racing, Inc. ("Love Muscle"). Defendant is the Record Custodian for each company and objected to each non-party subpoena, claiming that the information they sought was privileged and irrelevant. (*See* Doc. Nos. 126, 127, 129.) On August 13, 2010, the Magistrate Judge issued an order overruling Defendant's objections on two grounds. (Doc. No. 151.) *First,* Defendant

1

failed to meet his burden in proving that the information sought was privileged. (*Id.* at 2.) *Second*, the information sought was relevant because it could result in discovery of evidence concerning Plaintiff's central allegations that Defendant made fraudulent transfers from Horizon Medical Group, Inc. to other entities, such as Living Life, Offshore Racing, and Love Muscle. (*Id.* at 3.)

This matter is now before the Court on Defendant's objection (in his capacity as the Records Custodian for Living Life, Offshore Racing, and Love Muscle) to the Magistrate Judge's order. (Doc. No. 168.) For the reasons set forth below, Defendant's objection is **OVERRULED**.

## II. Law and Analysis

When a party timely objects to a magistrate judge's order on a non-dispositve matter, the district judge must set aside any part of that order that is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). A decision is "clearly erroneous" when, "although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see Crocker v. Runyan*, 207 F.3d 314, 318 (6th Cir. 2000). A magistrate judge's decision is "contrary to law" if the magistrate has "misinterpreted or misapplied applicable law." *Hood v. Midwest Sav. Bank*, No. C2-97-218, 2001 WL 327723, at *2 (S.D. Ohio Mar. 22, 2001) (internal quotation omitted).

Defendant's timely objection, while not doing so explicitly, appears to claim that the Magistrate Judge's order is clearly erroneous in holding the subjects of the

subpoenas relevant. Defendant asserts that the Magistrate Judge's order should be overruled because it mistakenly states that Defendant committed fraudulent transfers from Horizon Medical Group, Inc. to Med Fund, LLC. (Doc. No. 168 at ¶¶ 6-8.) Defendant further claims that there is no evidence linking Living Life, Offshore Racing or Love Muscle to any claims in the Complaint. (*Id.* at ¶ 9-10.) At base, Defendant challenges Plaintiff's claims that he had control over entities to which the funds at issue in this action may have been allegedly fraudulently transferred. In other words, Defendant seeks to challenge the claim central to the instant action, *i.e.*, the claim that he was involved in fraudulent transfers. This challenge exceeds the scope of the matter presently before the Court, as the Sixth Circuit summarized:

> A subpoena enforcement proceeding is a summary process designed to decide expeditiously whether a subpoena should be enforced. The proceeding is not the proper time to litigate the merits of a claim, either procedurally or substantively. A district court should only examine the substance of the […] underlying claim if the opposing party can show that there is no factual or legal support for the [drafter of the subpoena's] preliminary determination to investigate.

*E.E.O.C. v. Roadway Exp., Inc.*, 750 F.2d 40, 42 (6th Cir. 1984). Unless Defendant can show that there is no support for Plaintiff's determination to investigate the financial records of these three entities, the instant objection is not the proper venue for Defendant to litigate the merits of whether he or a company he controls participated in a fraudulent transfer. Defendant has failed to make such a showing, but rather has merely made bare assertions to the contrary.[1] The Magistrate Judge's order properly held that "Plaintiff's

---

[1] Defendant does demonstrate that he stepped down as CEO of Med Fund LLC and Horizon Medical Group, Inc. on October 8, 2006, but this fact does not negate the possibility that he or an entity he controls may have participated in the alleged fraudulent transfer.

3

request of records pertaining to companies over which Defendant has potential control is reasonably calculated to lead to the discovery of admissible evidence." (Doc. No. 151 at 3).

Defendant alleges two additional grounds for his objection, neither of which could possibly amount to the order being found clearly erroneous or contrary to law. (Doc. No. 168 at ¶11.) First, Defendant alleges that Living Life is misnamed in the order (*i.e.,* it is listed as an "LLC" rather than an "Inc."). (*Id.*) A review of the main body of the order reveals that this entity was referred to as "Living Life Enterprises, Inc." (*see* Doc No. 151 at 1 discussing "Living Life Enterprises, Inc."), and it is only in a footnote where reference is made to "Living Life Enterprises, LLC" (*id.* at 3, f.n. 1), and, in light of the prior reference, appears to be a typographical error. In any event, this reference does not render the entire order "clearly erroneous." Likewise, Defendant's squabble concerning the fact that he is not listed as an officer of Offshore Racing on the Florida Secretary of State's website has no legal consequence. (Doc. No. 168 at ¶11.) As Plaintiff demonstrates, Offshore Racing is closely connected to Offshore Not For Profit, Inc. (*See* Doc. 172 at 4.) Either of these entities may have participated in the alleged fraudulent transfer. Thus, the Court agrees with the Magistrate Judge's conclusion that Plaintiff's request of records from Offshore Racing is reasonably calculated to lead to the discovery of admissible evidence and is proper.

Finally, Defendant asserts that "there was no proper service of the subpoena." (Doc. No. 168 at ¶ 11.) Defendant fails to assert any underlying facts concerning this allegation. Indeed, it is not clear to which of the three subpoenas this

refers. In any event, this objection should have been made before the Magistrate Judge and cannot be presented upon first impression here. This Court may only review the propriety of the order by the Magistrate Judge, which ruled on Defendant's objections to the subpoenas based on confidentiality and relevance. *See* Fed. R. Civ. P. 71(a); 28 U.S.C. § 636(b)(1)(A).

The Magistrate Judge's order properly held that it was Defendant's burden to establish that the information sought by Plaintiff's subpoenas was privileged. *See Ross v. City of Memphis*, 423 F.3d 596, 606 (6th Cir.2005). Moreover, the order correctly held that Defendant's blanket assertion of privilege was insufficient to meet this burden. *Hackman v. Auto Owners Ins. Co.,* 2009 U.S. Dist. LEXIS 15128, at *3-4 (S.D. Ohio Feb. 6, 2009); *Vita-Mix Corp. v. Basic Holdings, Inc., No.* 1:06 CV 2622, 2007 WL 2344750, *3 (N.D. Ohio Aug.15, 2007). Further, as discussed above, the order properly held that the information sought was relevant to the allegations of the Complaint.

Accordingly, Defendant's objection is overruled for the reasons set forth above.

**IT IS SO ORDERED**.

Dated: September 24, 2010

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

5