UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HITACHI MEDICAL SYSTEMS AMERICA, INC., | Case No. 5:09cv1575 |
| Plaintiff, | JUDGE SARA LIOI |
| v. | |
| DAVID BRANCH, et al., | Magistrate Judge George J. Limbert |
| Defendants. | **Interim Report and Recommendation Regarding Plaintiff's Motions for Sanctions Against Defendant Martin Kern** |

The instant case is before the Court on Plaintiff Hitachi Medical Systems America, Inc.'s ("Plaintiff") motion for sanctions (ECF Dkt. #197) and Motion For Leave to Seek Additional Items of Relief Through Its Motion for Sanctions Instanter (ECF Dkt. #203).  Plaintiff's motions seek dispositive relief.  Therefore, the undersigned issues the following Report and Recommendation for Judge Lioi's review, with an ultimate recommendation that the Court DENY Plaintiff's motions with respect to Defendant Kern:

On August 18, 2010, Plaintiff filed a letter with the Court regarding a discovery dispute with Defendant Martin Kern. ECF Dkt. #165.  Among other things, Plaintiff alleged that he failed to fully respond to Interrogatory Number 19.  *Id*. at 8-9.  On October 6, 2010, the Court conducted a telephonic conference regarding the discovery dispute.  On October 19, 2010, the Court issued an order, stating in its pertinent part:

> Plaintiff alleges that Defendant Kern has not fully responded to Interrogatory Number 19.  Defendant Kern contends that he has provided all of the information that he has in his filing found at ECF Dkt. #135.  Pursuant to an agreement of the parties at the telephonic status conference, Defendant Kern was to furnish a verified response to the interrogatory within one week.  If Defendant Kern has not already responded, he is ordered to do so on or before October 22, 2010.

ECF Dkt. #185 at 1-2.

Plaintiff now contends the Court's order required Mr. Kern to respond to Interrogatory Number 19 "without exception or limitation" and "Kern's response unilaterally omitted information for 2002, 2003, 2009, and 2010." ECF Dkt. #197 at 7. Plaintiff goes on to assert that the Court has determined that discovery related to the years omitted by Kern is relevant to this case. *Id*. at 7-8.

Plaintiff's argument misconstrues the Court's holding and takes it out of context. Plaintiff relies upon a holding pertaining to Requests for Production of Documents Numbers 11-13, 19-20, and 30. *See* ECF Dkt. #197 at 8 citing ECF Dkt. #185 at 2-3. With respect to Interrogatory Number 19, the Court specifically noted that the parties reached an agreement. ECF Dkt. #185 at 1-2. The Court did not analyze the propriety of Interrogatory Number 19; the Court merely set a deadline for complying with the agreement reached at the telephonic conference. Defendant Kern contends:

> In the teleconference with Magistrate Judge Limbert that had been requested by Plaintiff's counsel to resolve discovery issues, Plaintiff's counsel did not complain about the temporal limits of Kern's supplemental answer and did not address the temporal scope of Interrogatory No. 19, but instead simply asked that Kern provide a supplemental answer to Interrogatory No. 19 that was verified. Kern did so on October 12, 2010, as indicated in his Notice of Service filed on that same date (Doc. #181).

ECF Dkt. #201 at 2. Defendant Kern's account of the telephonic conference is consistent with the undersigned's recollection of events. Accordingly, the undersigned RECOMMENDS that the Court find that Defendant Kern has complied with the Court's order (ECF Dkt. #185) and that Plaintiff's request for sanctions is misplaced (ECF Dkt. ##197, 213). In conclusion, the undersigned RECOMMENDS that the Court DENY Plaintiff's motions insofar as they seek sanctions against Defendant Kern.

Date:   December 7, 2010                                  */s/ George J. Limbert*
                                                          GEORGE J. LIMBERT
                                                          UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).