UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HITACHI MEDICAL SYSTEMS AMERICA, INC., | ) ) ) | Case No. 5:09cv1575 |
| Plaintiff, | ) ) | JUDGE SARA LIOI |
| v. | ) ) | |
| DAVID BRANCH, et al., | ) ) | Magistrate Judge George J. Limbert |
| Defendants. | ) ) ) ) | **Amended Report and Recommendation Regarding Plaintiff's Motions for Sanctions Against Defendant Daniel Branch** |

The instant case is before the Court on Plaintiff Hitachi Medical Systems America, Inc.'s ("Plaintiff") motion for sanctions (ECF Dkt. #197) and Motion For Leave to Seek Additional Items of Relief Through Its Motion for Sanctions Instanter (ECF Dkt. #203). Plaintiff's motions seek dispositive relief. Therefore, the undersigned issues the following Report and Recommendation for Judge Lioi's review, with an ultimate recommendation that the Court enter default judgment against Defendant Daniel Branch:

On August 16, 2010, Plaintiff filed a letter with the Court regarding a discovery dispute with Defendant Daniel Branch. ECF Dkt. #163. Plaintiff alleged that he failed to respond to interrogatories, requests for production of documents, and requests for admissions and that he has failed to respond to subpoenas on behalf of entities for which he is the registered agent. *See Id.* On October 19, 2010, the undersigned issued an order directing Mr. Branch to furnish complete responses to Plaintiff's Interrogatories and Requests for Production of Documents on or before October 29, 2010. ECF Dkt. #186.

Plaintiff now contends that Defendant Daniel Branch has failed to respond to Interrogatories. ECF Dkt. #197. Plaintiff further contends that on October 19, 2010, he provided three income

statements and three balance sheets for 2008, 2009, and 2010 for one of his companies MBJBDB, LLC. *Id.*

Based on Plaintiff's representations, the undersigned recommends that the Court find Defendant Daniel Branch to be in violation of the order issued on October 19, 2010. ECF Dkt. #186. Federal Rule of Civil Procedure 37(b)(2) provides:

> (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent — or a witness designated under Rule 30(b)(6) or 31(a)(4) — fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
>> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>>
>> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>>
>> (iii) striking pleadings in whole or in part;
>>
>> (iv) staying further proceedings until the order is obeyed;
>>
>> (v) dismissing the action or proceeding in whole or in part;
>>
>> (vi) rendering a default judgment against the disobedient party; or
>>
>> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2). A district court's imposition of sanctions is reviewed under a four factor test:

> The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third factor is whether the party was warned that failure to cooperate could lead to the sanction; and the fourth factor in regard to a dismissal is whether less drastic sanctions were first imposed or considered.

*Freeland v. Amigo*, 103 F.3d 1271, 1276 (6th Cir.1997) (citations omitted). "Dismissal is the sanction of last resort. It should be imposed only if the court concludes that the party's failure to cooperate in discovery was willful, in bad faith, or due to its own fault." *Beil v. Lakewood Engineering and Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994). However, "[t]he dismissed party has the burden of proving that it could not comply with the discovery request." *Id.*

-2-

The undersigned recommends that the Court enter default judgment against Defendant Daniel Branch unless he fully complies with the October 19, 2010 order on or before December 20, 2010. In support of this recommendation, the undersigned will follow the four factor test articulated in *Freeland*.

The undersigned recommends that the Court find Defendant Daniel Branch's actions to be willful. On March 26, 2010, Mr. Branch's attorneys withdrew from the case. ECF Dkt. #46. Since that time, Mr. Branch has proceeded pro se. He informed the Court that he did not receive Plaintiff's first set of discovery requests propounded on April 5, 2010. *See* ECF Docket (*Minutes for* 5/20/2010). Shortly thereafter, he filed a notice of change of contact information and provided a mailing address. ECF Dkt. #69. On May 26, 2010, Plaintiff filed a notice of service of a courtesy copy of the discovery requests. ECF Dkt. #72. On review of the docket, the undersigned agrees with Plaintiff's representation that Daniel Branch has not responded to any of Plaintiff's motions, has not filed any objections to discovery requests, and has not requested any discovery extensions. *See generally* ECF Docket (*entries following* 5/20/2010); *see also* ECF Dkt. #163. The undersigned recommends that the Court infer willfulness from Mr. Branch's failure to respond to the discovery requests after he explicitly addressed the issue and filed a notice of change of contact information. *See* ECF Docket (*Minutes for* 5/20/2010); ECF Dkt. #69. Further, the undersigned issued an order directing Mr. Branch to furnish complete responses to Plaintiff's interrogatories and requests for production of documents on or before October 29, 2010. ECF Dkt. #187.[1] Pursuant to Plaintiff's representation and Mr. Branch's failure to respond, the undersigned recommends that the Court find that he failed to substantially comply with the October 29, 2010 order. Mr. Branch has ignored the clear directives of this Court and has offered no explanation for doing so. Therefore, the undersigned recommends that the Court find Mr. Branch's inaction to be willful and with disregard to his obligations as a party to this lawsuit. *See Thomas v. Victoria's Secret Stores*, 141 F.R.D. 456,

---

[1] The Court should assume that Mr. Branch had notice of this order because he is authorized to file documents and receive filings via the Court's electronic filing system. *See* ECF Dkt. #65.

459-60 (S.D.Ohio,1992) (pro se litigant's failure to follow clear directives of discovery order may be willful, absent a valid explanation).

Turning to the second factor of the *Freeland* test, the undersigned recommends that the Court find Mr. Branch's actions to have prejudiced Plaintiff. Plaintiff has alleged claims against Daniel Branch, David Branch, and Martin Kern under various joint and several liability theories. *See* ECF Dkt. #1 at ¶¶ 60, 66, 72, 84, 91, 98, 109, 111, p. 15. According to Plaintiff's allegations, Defendant Daniel Branch was the Chief Financial Officer of Horizon Medical Group, Inc., and in a pretrial deposition in the Ohio Lawsuit (O.H.N.D. Case No. 5:07-cv-2035), he testified that Horizon was an active, viable, operating business, and that Horizon had sufficient revenue to pay the service fees due under the SMAs. *Id.* at ¶¶ 13, 19. Plaintiff further alleges that after it obtained judgments against Horizon and the Individual LLCs, Daniel Branch testified that Horizon's revenues "couldn't cover the bills," that Horizon "basically shut down" in 2005, and that Defendants "kind of streamlined the operations [of Horizon] into MedFund. . ." *Id.* at ¶20.

Not only do Plaintiff's claims against David Branch and Martin Kern remain pending, but the discovery sought from Daniel Branch may be necessary in proving those claims, especially considering his role as Chief Financial Officer and his testimony in the Ohio Lawsuit. Accordingly, the undersigned recommends that the Court find Defendant Daniel Branch's continued failure to comply with the October 19, 2010 order will result in prejudice to Plaintiff.

The third prong of the *Freeland* test is satisfied because this Report and Recommendation serves as notice to Defendant Daniel Branch that his continued failure to comply with Plaintiff's discovery requests and Court orders may result in a default judgment.

Lastly, the undersigned notes that, although less drastic sanctions were not sought or imposed, they would appear to be futile. Since his attorney withdrew from this case, Daniel Branch has not responded to Plaintiff's interrogatories; he has not provided written responses to Plaintiff's requests for production of documents; and he has produced only three income statements and three balance sheets for 2008, 2009, and 2010. Further, Plaintiff's requests for admissions have already been deemed admitted. In light of the potentially dispositive nature of some of the admissions, imposing evidentiary or procedural sanctions will likely be futile. *See, e.g.*, ECF DKt. #163, Ex. A

-4-

(Admissions 17-42).  Accordingly, the undersigned recommends that the Court GRANT Plaintiff a default judgment against Defendant Daniel Branch, in the amount of $3,286,159.51 (plus interest and attorneys' fees and any punitive damages the Court deems appropriate), if he fails to comply with the October 19, 2010 order on or before December 20, 2010.

Date:    December 7, 2010            */s/  George J. Limbert*
                                     GEORGE J. LIMBERT
                                     UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice.  Fed. R. Civ. P. 72; L.R. 72.3.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).