UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HITACHI MEDICAL SYSTEMS AMERICA, INC., | ) ) ) | Case No. 5:09cv1575 |
| Plaintiff, | ) ) | JUDGE SARA LIOI |
| v. | ) ) | |
| DANIEL BRANCH, et al., | ) ) | Magistrate Judge George J. Limbert |
| Defendants. | ) ) ) ) | **Interim Report and Recommendation Regarding Plaintiff's Motions for Sanctions Against Defendant David Branch** |

The instant case is before the Court on Plaintiff Hitachi Medical Systems America, Inc.'s ("Plaintiff") motion for sanctions (ECF Dkt. #197), Motion For Leave to Seek Additional Items of Relief Through Its Motion for Sanctions Instanter (ECF Dkt. #203), and Motion for Leave to Seek Second Additional Items of Relief Through Its Motion for Sanctions Instanter (ECF Dkt. #223). Plaintiff's motions seek dispositive relief. Therefore, the undersigned issues the following Report and Recommendation for Judge Lioi's review, with an ultimate recommendation that the Court enter an order prohibiting Defendant David Branch ("Defendant") from supporting or opposing all claims or defenses, and from introducing any evidence:

## I. PERTINENT PROCEDURAL HISTORY

Plaintiff's motions stem from multiple discovery disputes, as outlined below.

### A. Court-ordered Attorneys' Fees

On August 24, 2010, the undersigned issued an order directing Defendant to pay attorneys' fees in the amount of $452 to Plaintiff's counsel. ECF Dkt. #169. Defendant was to remit payment on or before September 17, 2010. *Id.* Plaintiff's counsel contends that Defendant has failed to remit the Court-ordered payment. ECF Dkt. #197 at 5; ECF Dkt. #147 at 19.

### B. October 27, 2010 Order

On October 27, 2010, the undersigned issued an order directing Defendant to:

(1) furnish a verified (i.e., written and notarized) response to Interrogatory Number 12 on or before November 3, 2010;

(2) furnish a verified response to Interrogatory Number 19 on or before November 10, 2010;

(3) furnish a complete response to Request for Production of Documents 27 on or before November 3, 2010;

(4) furnish responses to Requests for Production of Documents 29-31 on or before November 10, 2010; and

(5) within five business days of receiving completed forms from Plaintiff, sign and return forms authorizing the release of income tax returns for himself and Offshore Racing Madness, Inc.; Living Life Enterprises, Inc.; Love Muscle Racing, Inc.; and Offshore Not For Profit, Inc. for 2002 through the present date.

ECF Dkt. #189 at 4. Plaintiff contends that Defendant failed to comply with items 1,2, and 3, above. Plaintiff acknowledges that Defendant submitted a response. However, Plaintiff contends that his response is untimely, unverified with respect to Interrogatory Numbers 12 and 19, incredible with respect to Interrogatory Number 19, and insufficient with respect to Request for Production of Documents Number 27. ECF Dkt. #197 at 5-7. Plaintiff also contends that Defendant did not sign the IRS authorizations (item 5, above) and he did not object to the undersigned's order within the time period for doing so. ECF Dkt. #203 at 1-3. Plaintiff contends it needs Defendant's signature and Employer Identification Numbers for the business entities identified in item number 5, above. *Id.* at 3.

In its December 7, 2010 Motion for Leave to Seek Second Additional Items of Relief Through Its Motion for Sanctions Instanter, Plaintiff contends that Defendant has delayed and impeded the receipt of discovery, including documents responsive to Requests for Production 29-31. ECF Dkt. #223 at 2. Plaintiff contends that Defendant did not produce any documents whatsoever by November 10, 2010. *Id.* at 3. Following the November 10, 2010 deadline, on November 16, 2010, Defendant filed a motion for a 14 day extension of time "to address the remaining items listed in document 189 filed by Magistrate George J. Limbert. . . Defendant should be able to work on judge's ruling within a few days." ECF Dkt. #210. The undersigned granted the motion. On

-2-

November 30, 2010, Defendant filed an untimely and unsigned objection to the October 27, 2010 order, but he produced no documents. ECF Dkt. #223 at 4; *see* ECF Dkt. #255 (as to untimeliness). Plaintiff also contends that Defendant sent an email on November 30, 2010 indicating that he had sent the remaining documents to which he had no objection. *Id.* Plaintiff subsequently filed a notice acknowledging receipt of Defendant's correspondence, which included no documents. ECF Dkt. #239.

**II. Standard of Review**

Federal Rule of Civil Procedure 37(b)(2) provides:

> (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent — or a witness designated under Rule 30(b)(6) or 31(a)(4) — fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> > (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> >
> > (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> >
> > (iii) striking pleadings in whole or in part;
> >
> > (iv) staying further proceedings until the order is obeyed;
> >
> > (v) dismissing the action or proceeding in whole or in part;
> >
> > (vi) rendering a default judgment against the disobedient party; or
> >
> > (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2). The Southern District of Ohio considered the applicable standard to apply when sanctioning a party by issuing an order refusing to allow that party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence. *Dowling v. Litton Loan Servicing LP*, , 2006 WL 1133294 at \*1 (S.D.Ohio Apr. 25, 2006), unreported. The *Dowling* court held that such a sanction "is tantamount to default judgment. However, such action is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith or fault." *Id.* (internal

quotations omitted). The court noted that additional factors that may be considered include prejudice, prior warning of the possibility of that sanction and the suitability of lesser sanctions. *Id.*

The undersigned does not believe the sanction outlined in Rule 37(b)(2)(A)(ii) is always tantamount to a default judgment. In many cases, the plaintiff is still required to present a prima facie case for the factfinder's consideration. Further, the structure of Rule 37(b)(2)(A) demonstrates that a difference exists between entering a default judgment and prohibiting a disobedient party from supporting or opposing designated claims or defenses, or prohibiting that party from introducing designated matters in evidence. Those sanctions are enumerated separately. Fed. R. Civ. P. 37(B)(2)(A)(ii), (vi).

Nevertheless, the undersigned agrees that the factors listed in *Dowling* should apply. If those factors can be used to assess the propriety of a more drastic sanction in a default judgment, then they should be suitable for assessing the propriety of imposing the lesser sanction outlined in Rule 37(b)(2)(A)(ii).

In accordance with *Dowling*, the undersigned will assess Defendant's conduct pursuant to the *Freeland* factors, which the undersigned has applied in an earlier Report and Recommendation. A district court's imposition of dispositive sanctions is reviewed under a four factor test:

> The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third factor is whether the party was warned that failure to cooperate could lead to the sanction; and the fourth factor in regard to a dismissal is whether less drastic sanctions were first imposed or considered.

*Freeland v. Amigo*, 103 F.3d 1271, 1276 (6th Cir.1997) (citations omitted). "Dismissal is the sanction of last resort. It should be imposed only if the court concludes that the party's failure to cooperate in discovery was willful, in bad faith, or due to its own fault." *Beil v. Lakewood Engineering and Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994). However, "[t]he dismissed party has the burden of proving that it could not comply with the discovery request." *Id.*

The undersigned recommends that the Court find Defendant's actions to be willful. It is clear that Defendant has failed to follow a clear order of the Court directing him to pay attorneys' fees. Defendant contends that he has remitted payment, but he has not provided the Court with any

-4-

evidence of the alleged payment. ECF Dkt. #249. Further, Plaintiff's counsel, have represented as officers of the Court, that Defendant has not remitted payment. ECF Dkt. #197 at 5. Although this matter does not address a substantive issue, it demonstrates a willful disregard for a Court order.

Turning next to the Plaintiff's discovery requests, the undersigned notes that Defendant has had ample opportunity to respond, in excess of what the Federal Civil Rules Provide. He has failed to respond, lodged untimely objections to the undersigned's orders, and provided patently incomplete or evasive responses. The record evidences Defendant's pattern of dilatory and obstructive behavior throughout the discovery process.

Plaintiff initially propounded its First Requests for Admissions, First Set of Interrogatories, and First Requests for Production of Documents upon Defendant on April 5, 2010. ECF Dkt. #49. On May 27, 2010, Plaintiff filed a motion to compel production of discovery. ECF Dkt. #73. On June 22, 2010, the undersigned issued an order granting Plaintiff's motion. ECF Dkt. #92. In that order, the undersigned found that Defendant failed to respond to Plaintiff's discovery requests by May 5, 2010, as the Federal Rules of Civil Procedure required. *Id*. at 3-4. The undersigned noted that Defendant "failed to file a timely response of any kind." *Id*. at 4. The undersigned noted that Mr. Branch filed an objection, 12 days after the deadline for doing so passed, and "[i]nstead of objecting with specificity, David Branch filed only a broad objection, accusing the requests of being an 'attempt[ ] to retry the previous case [5:07CV2035]' and 'obvious harassment tactics of the Plaintiff's counsel.' ECF Dkt. #58. He [did] not explain why the information sought is outside of the scope of discovery as defined in Rule 26(b)." ECF Dkt. #92 at 4. Ultimately, the undersigned ordered Defendant to respond to Plaintiff's First set of Interrogatories and Requests for Production of Documents by June 28, 2010. *Id*. at 4-5. The necessity of this Report and Recommendation demonstrates that, as of this date, Defendant has failed to comply with the June 22, 2010 order with respect to Interrogatory Number 12. That interrogatory asked Defendant to:

> Identify all people who have possession, custody, and/or control over the corporate books and records (including without limitation ledgers, account statements, financial records of any kind, corporate minute books, shareholder agreements, and records of shareholder meetings, actions, and/or resolutions of any kind) of Horizon Medical Group, Inc.

ECF Dkt. #73, Ex. A at 13. Specifically, on June 28, 2010, Defendant docketed this response to the interrogatory: "Don't know." ECF Dkt. #98 at 12.

Mr. Branch was reminded early in the discovery process about the importance of adhering to deadlines. ECF Dkt. #92 at 7. Plaintiff filed a motion for sanctions due to perceived inadequacies in the discovery responses, but these inadequacies did not involve Interrogatory Number 12. ECF Dkt. #105. On August 9, 2010, the undersigned directing Defendant to again respond to Plaintiff's requests for admissions. ECF Dkt. #139. This was the same order where the undersigned issued a monetary sanction for Mr. Branch's refusal to communicate with Plaintiff's counsel. *Id*. Plaintiff again served Defendant with discovery requests, including Interrogatory Number 12. ECF Dkt. #140. On August 26, 2010, Defendant docketed responses, but left the space for responding to Interrogatory 12 blank. ECF Dkt. #170. On October 4, 2010, Plaintiff filed a motion for a telephonic conference to resolve a discovery dispute. ECF Dkt. #178. Plaintiff noted that some of Defendant's responses to the interrogatories were blank. *Id*. at 2. The undersigned convened a telephonic conference, where Defendant agreed to furnish a verified response to Interrogatory Number 12 on or before November 3, 2010. ECF Dkt. #189. Again, Defendant ignored a Court mandated deadline and filed his response on November 8, 2010. His response to Interrogatory Number 12 was as follows: "I have supplied minutes. I have no knowledge of other documents." ECF Dkt. #196. He did not respond to the interrogatory under oath as Federal Rule of Civil Procedure 33(b)(3) requires. He did not have his response notarized as the undersigned explicitly directed. ECF Dkt. #189 at 4. Further, his answer is patently nonresponsive. The interrogatory asks Defendant to identify "*all people* who have possession, custody, and/or control over the corporate books and records . . . of Horizon Medical Group, Inc." ECF Dkt. #73, Ex. A at 13 (emphasis added). Defendant's answer plainly ignores the substance of this proper discovery request and it contradicts his early assertion: "Don't know."

Defendant's actions with respect to Interrogatory 12 are plainly willful. He was afforded ample opportunities to respond but he ignored deadlines, refused to correspond with opposing counsel, denied knowledge, and ultimately offered a nonresponsive answer.

The history surrounding Interrogatory Number 19 is quite similar. The June 22, 2010 order, discussed above, required Defendant to respond to Interrogatory Number 19 by June 28, 2010. *Id.* at 4-5. Interrogatory Number 19 asked Defendant to:

> Identify all companies owned, managed or controlled by you during the period January 1, 2002 to the present and, for each, state the beginning and ending (if applicable) dates of operation.

ECF Dkt. #73, Ex. A at 15. On June 28, 2010, Defendant responded: "Objection. David Branch is not under a judgment. This information is personal." ECF Dkt. #98 at 15. On August 19, 2010, after the undersigned sanctioned Defendant and Plaintiff again served its discovery requests on him, Defendant responded to Interrogatory Number 19: "pending motion before the court to overrule." ECF Dkt. #170 at 14. On August 31, 2010, Plaintiff's counsel informed Defendant that there was no pending objection before the Court regarding Interrogatory Number 19. ECF Dkt. #178, Ex. B at 2. Incidentally, Plaintiff's characterization of the record was correct. *See generally* ECF Docket. Thereafter, Defendant and Plaintiff's counsel exchanged emails, and Defendant refused to answer the interrogatory, maintaining that he had lodged an objection. ECF Dkt. #178, Ex. D-H. On September 24, 2010, Judge Lioi ruled on the pending objection (which involved non-party subpoenas), Plaintiff's counsel informed Defendant that no objection remained before the Court, and she requested the outstanding discovery. ECF Dkt. #178, Ex. G. That same day, Defendant responded, stating that he would furnish the discovery:

> Calm down I saw it. No problem I will produce them as I told you I would. Im [sic] leaving town this afternoon and will be back in a week. I will go to the warehouse and dig them out, make copies and send them to your office. Have a great weekend.

ECF Dkt. #178, Ex. H. Defendant failed to furnish a response and Plaintiff brought the matter to the undersigned's attention on October 4, 2010. ECF Dkt. #178. The undersigned ordered Defendant to furnish a verified response to Interrogatory Number 19 on or before November 10, 2010. ECF Dkt. #189. Defendant responded on November 8, 2010: "Do not have significant knowledge at this time." ECF Dkt. #196. As noted above, this response was not verified. Further, it is questionable in light of Defendant's prior response contending that "[t]his information is personal." ECF Dkt. #98 at 15.

Defendant's actions with respect to Interrogatory Number 19 demonstrate willfulness. He first claimed the information was not relevant and personal. Then he claimed that an objection had been lodged, when it had not. Although Defendant *may* have been operating under a misunderstanding at that point, Plaintiff's counsel made every effort to inform Defendant that no objection pertaining to Interrogatory Number 19 was before the Court. When it was clear that no objection was before the Court, Defendant still failed to furnish the discovery sought. Ultimately, Defendant denied having knowledge "at this time" – approximately seven months after the interrogatory was initially propounded. It is simply not believable that Defendant does not have knowledge of what companies he owned, managed, or controlled during the period January 1, 2002 to the present, when documents of record demonstrate his ownership, management, or controlling role in various companies during the pertinent period. *See, e.g.*, ECF Dkt. #195, Ex. B, I, J, N, Q, R, S, V, W. Based on the foregoing inconsistencies, the undersigned recommends that the Court find Defendant's refusal to respond to Interrogatory Number 19 to be willful.

Request for Production of Documents Number 27 asked Defendant to produce:

> All documents (including without limitation current and accurate lists, schedules, and/or records) indicating or evidencing your ownership of all personal property including, but not limited to, equipment, motor vehicles, boats, accessories, furniture, inventory, furnishings, supplies, and other tangible assets of every kind and description, whether real or personal, current depreciation schedules, if any, relating thereto and complete, current and accurate lists of liens or other encumbrances thereon.

ECF Dkt. #73, Ex. A at 21. As with Interrogatory Number 19, Defendant's June 28, 2010 response stated: "Objection – the information called for is private. There is no judgment against David Branch." ECF Dkt. #98 at 21. On August 26, 2010, Defendant simply responded "denied by court." ECF Dkt. #170 at 21. However, as with Interrogatory Number 19, the Court had not considered the issue or denied Plaintiff's discovery request. *See generally*, ECF Docket. Again, Plaintiff informed Defendant that no such order existed, but he nevertheless failed to furnish a response. *See* ECF Dkt. #178, Ex. D-H. Defendant's continued failure to produce the documents demonstrates willfulness, especially after Plaintiff informed him no ruling existed and after Judge Lioi ruled on the only pending objection.

-8-

Ultimately, the undersigned ordered Defendant to furnish a verified response to Request for Production of Documents Number 27 on or before November 3, 2010. ECF Dkt. #189. Again, Defendant produced this response five days after the undersigned directed him to do so. Further, he indicated that he attached a copy of a boat registration, but the document attached is an unsigned power of attorney. *Id*. at 1, 3. Defendant also contends that a "Questar deed of Homestead property (previously provided)" is also responsive to the request. *Id*. at 1. These are the only two documents produced, along with a list of seven general categories of property owned. *Id*.

The power of attorney that Defendant produced is plainly nonresponsive to the discovery request. This unsigned document does not evidence Mr. Branch's ownership of the vessel, as the discovery request directed him to do. Additionally, the power of attorney emphasizes the phrase "record a lien," indicating that the boat at issue may have a lien. ECF Dkt. #196 at 3. Therefore, the document itself demonstrates that Defendant's discovery response is potentially incomplete. While it is unclear what the exact purpose of the power of attorney was, the document indicates a lien may exist and Defendant has not identified any liens on the boat. Ultimately, Defendant failed to provide evidence of his ownership in the boat as the discovery request and the undersigned's October 27, 2010 order directed. This noncompliance is clear, but the full extent of his noncompliance with Request for Production of Documents Number 27 cannot be ascertained based on the record and Defendant's history of obstructive behavior throughout the discovery process.

Defendant also failed to respond to Request for Production of Documents Numbers 29, 30, and 31. These requests asked:

> 29. Complete, current and accurate copies of profit and loss statements, income statements, capital statements, balance sheets and other such similar documents, regardless of how the same may be designated for accounting purposes, relating to every sole proprietorship, and every business concern or venture in which you are or have been, within the past four (4) years, a general or limited partner or the holder of five percent (5%) or more of the outstanding stock of said concern.
>
> 30. All documents (including without limitation current and accurate lists, schedules, statements and/or records) evidencing or indicating your place or places of banking, the types of bank accounts (savings, checking or similar bank accounts) and the account numbers and designations of authority relating thereto. As used herein, the term "bank accounts" shall also include all certificates of deposit, savings bonds, and similar instruments, as well as safe deposit boxes and lists, schedules and records of the contents thereof.

-9-

> 31. All documents (including without limitation current and accurate lists, schedules and/or records) evidencing or indicating any and all leases of or deeds to real estate with respect to which you are lessor, lessee, or owner, whether in whole or in part.

ECF Dkt. #73, Ex. A at 21-22.  In the discovery responses that Defendant filed on June 28, 2010, he responded to Request for Production No. 29 by stating, "same answer as #27." ECF Dkt. #98 at 21-22. As discussed above, his answer to Request No. 27 was, "objection – the information called for is private. There is no judgment against David Branch." *Id*. He responded to Requests for Production Nos. 30 and 31: "same answer as above. " *Id*.  On August 26, 2010, he objected to these requests based on form and relevance.  ECF Dkt. #170 at 21-22.  On August 31, 2010, Plaintiff sent Defendant a letter contending that the form of the questions was proper and indicating the basis for the relevance of the requests.  ECF Dkt. #178, Ex. B at 5.   On September 2, 2010, Defendant responded "#27-31.  I answered."  ECF Dkt. #178, Ex. C.  On September 8, 2010, Plaintiff again asked for the materials requested.  ECF Dkt. #178, Ex. D.  On September 13, 2010, Defendant responded that he was waiting for a ruling on an objection pertaining to these requests.  ECF Dkt. #178, Ex. E.  On September 14, 2010, Plaintiff's counsel informed Defendant that he had not filed an objection concerning Request Numbers 29, 30, and 31. ECF Dkt. #178, Ex. F.  Nevertheless, on September 24, 2010, Plaintiff's counsel informed Defendant that his pending objection had been overruled, and counsel requested that he mail the requested discovery immediately.  ECF Dkt. #178, Ex. G.  As noted above, Defendant responded, stating that he would furnish the discovery:

> Calm down I saw it. No problem I will produce them as I told you I would. Im [sic] leaving town this afternoon and will be back in a week. I will go to the warehouse and dig them out, make copies and send them to your office. Have a great weekend.

ECF Dkt. #178, Ex. H.  On October 13, 2010, Plaintiff's counsel again requested the documents. ECF Dkt. #223, Attach. 1.  On October 14, 2010, Defendant responded:

> Sorry about that I totally forgot. I have been out of town most of the last few weeks.. ill [sic] go [to] the warehouse and dig them out today…was not putting you off at all. Again sorry.

ECF Dkt. #223, Attach. 1.  On October 27, 2010, the undersigned memorialized an agreement between Defendant and Plaintiff that Defendant would furnish responses to Requests for Production of Documents 29-31 within two weeks.  ECF Dkt. #189.  The undersigned ordered him to furnish

-10-

discovery in compliance with that agreement on or before November 10, 2010. *Id*. He failed to do so. *See* ECF Docket.

On November 16, 2010, Defendant filed an untimely request for an extension of time to provide the remaining items of discovery ordered by the Court. ECF Dkt. #210. The undersigned extended Defendant's deadline to November 30, 2010. Plaintiff has submitted email correspondence from Defendant dated November 30, 2010, where Defendant represented that he had "sent the remaining documents not objected to, ref doc#189 to your office via regular us mail." ECF Dkt. #223, Attach. 2. Eventually, Plaintiff's counsel received a one-page discovery response from Defendant. ECF Dkt. #239. In response to Request for Production No. 29, Defendant stated, "Defendant has not been able to locate documents to answer sufficiently." ECF Dkt. #239, Attach.1. In response to Request for Production No. 30, Defendant stated, "none." *Id*. In response to Request for Production No. 31, Defendant stated, "provided." *Id*.

Defendant's actions with respect to Request for Production of Documents Number 29, 30, and 31 is clearly obstructive, nonresponsive, and intentional. Defendant had these requests since April of 2010 and has failed to respond, despite court orders and numerous requests from Plaintiff's counsel. Further frustrating the discovery process, Defendant has continued to indicate to Plaintiff's counsel that he would be furnishing discovery, but he did not do so. *See* ECF Dkt. #178, Ex. H; #223, Attach. 1. As Plaintiff points out, Defendant represented multiple times (including in his filings with this Court, ECF Dkt. #225, #226) that he would produce *documents*; however, his responses to Requests for Production Nos. 29 - 31 included no documents. This persistently obstructive conduct is clearly willful, if not intentionally calculated to be evasive and misleading.

Lastly, the undersigned's October 27, 2010 order directed Defendant to "sign and return forms authorizing the release of income tax returns for: himself, Offshore Racing Madness, Inc., Living Life Enterprises, Inc., Love Muscle Racing, Inc., and Offshore Not for Profit, Inc. for 2002 through the present date." ECF Dkt. #189. He was to do so within five business days of receiving completed forms from Plaintiff. *Id*. Plaintiff's counsel emailed the forms to him on November 1, 2010. ECF Dkt. #203 at 2, Ex. A. Plaintiff's counsel sent another letter, including the IRS forms, on November 11, 2010. *Id*. at 3, Ex. B.

-11-

Instead of signing the IRS authorizations as the undersigned directed, Defendant filed an objection. ECF Dkt. #218. The Court has already determined that this objection was untimely. ECF Dkt. #255. In sum, it is clear that Defendant failed to respond when ordered to do so, he did not file a timely request for an extension of time, and he failed to file an objection within 14 days as Federal Rule of Civil Procedure 72(a) requires.

Given the summary of Defendant's conduct throughout the discovery process, the undersigned recommends that the Court find his actions to be willful and with disregard to his obligations as a party to this lawsuit. *See Thomas v. Victoria's Secret Stores*, 141 F.R.D. 456, 459-60 (S.D.Ohio,1992) (pro se litigant's failure to follow clear directives of discovery order may be willful, absent a valid explanation). His actions range from disobeying a clear Court-order (directing him to pay attorneys' fees) to making misleading statements about his intent to produce documents. Ultimately, he has had ample opportunity to produce the information sought, and the undersigned has directed him to do so on several occasions, but he simply refuses to comply. Instead, Defendant has offered inadequate, inconsistent, and obstructive responses.

Turning to the second factor of the *Freeland* test, the undersigned recommends that the Court find Defendant's actions to have prejudiced Plaintiff. Plaintiff has alleged claims against Daniel Branch, David Branch, and Martin Kern under various joint and several liability theories. *See* ECF Dkt. #1 at ¶¶ 60, 66, 72, 84, 91, 98, 109, 111, p. 15. Further, documents of record show that Defendant has (or had) control over various business entities. *See, e.g.*, ECF Dkt. #195, Ex. B, I, J, N, Q, R, S, V, W. Plaintiff seeks financial information from Defendant to prove that fraudulent transfers occurred with respect to all three individuals and other business entities. Defendant's behavior has obstructed and most likely will continue to obstruct Plaintiff's preparation and presentation of its claims against all defendants in this case. Accordingly, the undersigned recommends that the Court find Defendant's conduct has and will continue to result in prejudice to Plaintiff.

The third prong of the *Freeland* test is satisfied because the undersigned has previously cautioned Defendant about the possible sanctions that accompany obstruction of the discovery process:

> Defendant David Branch has elected to proceed in this matter pro se. Therefore, he must cooperate with opposing counsel during discovery. His conduct and utter refusal to communicate with counsel frustrates the discovery process and places an unnecessary burden on opposing counsel and the Court. Therefore, the Court ORDERS Defendant David Branch to pay Plaintiff's attorneys' fees associated with preparing its motion to compel (ECF Dkt. #105). **The Court further notes that a continued failure to cooperate in discovery could result in a summary judgment or default judgment against him.** *See* Fed R. Civ. P. 37(b)(vi).

ECF Dkt. #139 at 5 (emphasis added).

Lastly, the undersigned notes that less drastic sanctions were previously imposed in the form of a Court-ordered payment of attorneys' fees. Defendant has failed to pay those fees in accordance with the undersigned's order. Further, Defendant has continued to obstruct the discovery process and he has imposed a heavy burden on Plaintiff. The record in this case makes clear that Defendant has only purported to respond to discovery when ordered to do so by this Court. Even then, Defendant's responses have been inconsistent, unresponsive, impartial, improper (e.g., by stating that Plaintiff's requests had been denied by the Court), and, in some instances, blank. It is unlikely that Defendant will ever fully and properly cooperate with discovery in this case. His level of participation has done little but draw out the discovery process and impose heavier burdens and potential prejudice on Plaintiff. Nevertheless, the undersigned cannot ignore the fact that Defendant has produced some discovery that Plaintiff has requested. Even considering the amount of evidence he has produced, his persistent refusal to provide the discovery at issue in this Report and Recommendation is troubling.

For the foregoing reasons, The undersigned RECOMMENDS that the Court issue an order prohibiting Defendant from supporting or opposing all claims or defenses, and from introducing any evidence. To avoid imparting any further prejudice on Plaintiff, the undersigned also RECOMMENDS that the Court order Defendant to furnish all outstanding discovery immediately (at a date certain set by the Court), and if he fails to do so, enter a default judgment against him.

As a final matter, the undersigned notes that two motions remain pending on this issue. Defendant has filed a motion requesting a telephonic conference. ECF Dkt. #249. The parties have had extensive opportunities to submit briefs on this issue, and the record provides ample evidence of Mr. Branch's conduct. Therefore, the undersigned recommends that the Court DENY

Defendant's motion for a telephonic conference. ECF Dkt. #249. Plaintiff has filed a second motion seeking to amend its original motion for sanctions. ECF Dkt. #223. Due to the chronology of events that transpired during the discovery process, Plaintiff's request is proper and should be GRANTED. ECF Dkt. #223.


Date:   January 11, 2011                              */s/  George J. Limbert*
                                                      GEORGE J. LIMBERT
                                                      UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).