PEARSON, J.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| HITACHI MEDICAL SYSTEMS AMERICA, INC., | ) ) ) | CASE NO. 5:09CV1575 |
| Plaintiff, | ) ) | JUDGE BENITA Y. PEARSON |
| v. | ) ) ) | **MEMORANDUM OF OPINION** |
| DANIEL BRANCH, *et al.*, | ) ) | **AND ORDER** [Resolving ECF Nos. 197, 203, 223, 249, |
| Defendants. | ) | and 257] |

On May 21, 2010, the above-entitled action alleging fraudulent transfer was referred to Magistrate Judge George J. Limbert, pursuant to 28 U.S.C. § 636 and Local Rules 72.1 and 72.2(a), for general pretrial supervision and for the preparation of a Report and Recommendation on any dispositive motions. *See* Order (ECF No. 68)

On January 18, 2011, the matter was reassigned from Judge Sara Lioi to the undersigned pursuant to General Order 2011-4.

Pending before the Court are three Reports and Recommendations issued by Magistrate Judge Limbert. ECF Nos. 222, 224, 256. Each Report and Recommendation is resolved in accordance with the reasons provided below.

The Report and Recommendation regarding Plaintiff's Motions for Sanctions Against Defendant Martin Kern (ECF No. 222), filed on December 7, 2010, is adopted for the reasons set forth in Section II below. Plaintiff's Motion for Sanctions (ECF No. 197) and Plaintiff's Motion

for Leave to Seek Additional Items of Relief Through its Motion for Sanctions (ECF #197) *Instanter* (ECF No. 203) are denied with regard to Defendant Martin Kern.

The Amended Report and Recommendation regarding Plaintiff's Motions for Sanctions Against Defendant Daniel Branch (ECF No. 224), filed on December 7, 2010 is adopted, for the reasons set forth in Section III below. Plaintiff's Motion for Sanctions (ECF No. 197) and Plaintiff's Motion for Leave to Seek Additional Items of Relief Through its Motion for Sanctions (ECF #197) *Instanter* (ECF No. 203) are granted with regard to Defendant Daniel Branch.

The Interim Report and Recommendation regarding Plaintiff's Motions for Sanctions Against Defendant David Branch (ECF No. 256), filed on January 11, 2011, is adopted in part and modified in part, for the reasons set forth in Section IV below, Plaintiff's Motion for Sanctions (ECF No. 197) and Plaintiff's Motion for Leave to Seek Additional Items of Relief Through its Motion for Sanctions (ECF #197) *Instanter* (ECF No. 203) are granted with regard to Defendant David Branch.

**I. Standard of Review for a Magistrate Judge's Report and Recommendation**

Where objections have been made to the Magistrate Judge's Report and Recommendation, the District Court standard of review is *de novo*. Fed. R. Civ. 72(b)(3). A district judge:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.*

Accordingly, the Court has conducted a *de novo* review of the portions of the Magistrate Judge's Reports to which a party has properly objected.

### II. Defendant Martin Kern (ECF No. 222)

The Court has reviewed *de novo* the Interim Report and Recommendation of Magistrate Judge Limbert (ECF No. 222). The Court has also considered Plaintiff's Objection (ECF No. 244), Defendant Martin Kern's Brief in Opposition (ECF No. 246), and Plaintiff's Reply (ECF No. 250). The Court agrees with the recommendation of the Magistrate Judge that Plaintiff's motions (ECF Nos. 197 and 203) be denied with respect to Defendant Martin Kern.

On April 1, 2010, Plaintiff served Defendant Martin Kern with discovery requests, including interrogatories. Interrogatory No. 19 provides: "Identify all companies owned, managed or controlled by you *during the period January 1, 2002 to the present* and, for each, state the beginning and ending (if applicable) dates of operations." (Emphasis added.) On May 18, 2010, Defendant Martin Kern answered Interrogatory No. 19 as follows:

> I had an ownership interest in Horizon Medical Group, Inc., Med Fund, LLC, and JFB Holdings, Inc. I did not manage or control any of those three companies. To the best of my knowledge, I was a shareholder in those three companies since their inception. In the late 1900s or early 2000s, I may have had a member's interest in a couple of the LLCs relating to the individual centers, but my ownership interest was negligible, and I did not manage or control those LLCs. I did not own, manage or control any other company mentioned in the Complaint or related in any way to the events or circumstances alleged in the Complaint. To the extent that this Interrogatory requests information about other companies, an objection is raised because to that extent it seeks information that is irrelevant and not reasonably calculated to lead to admissible evidence.

ECF No. 115-1 at 16.

On October 19, 2010, the Magistrate Judge Limbert entered an Order (ECF No. 185) regarding a discovery dispute that provides in pertinent part:

> Plaintiff alleges that Defendant Kern has not fully responded to Interrogatory Number 19. Defendant Kern contends that he has provided all of the information that he has in his filing found at ECF Dkt. #135. *Pursuant to an agreement of the parties at the telephonic status conference* [conducted on October 6, 2011], Defendant Kern was to furnish a verified response to the interrogatory within one week. If Defendant Kern has not already responded, he is ordered to do so on or before October 22, 2010.

ECF No. 185 at 1-2 (emphasis added). On October 12, 2010, Defendant Martin Kern provided a verified supplemental answer to Interrogatory No. 19. *See* Notice of Service ECF No. 181. He responded and interposed an objection as to the temporal scope of that interrogatory:[1]

> While maintaining his original objections, and without waiving those objections, the names of companies owned, managed or controlled by Defendant Kern during the relevant period from 2004 to 2008, together with dates of inception, are as follows:
>
>     A.    Martin Kern, LLC (5/16/07)
>     B.    MJK I, LLC (4/18/07)
>     C.    Siesta Real Estate Investments, LLC (6/6/07)
>     D.    MJK Limited Properties, LLC (6/6/07)

---

[1] The issue of the proper temporal scope of discovery was a subject of Defendant Martin Kern's Statement of Appeal Pursuant to Fed. R. Civ. P. 72(a) and LR 72.3(a) (ECF No. 192). *See also* ECF Nos. 199 and 213-1. On January 11, 2011, the Court overruled Defendant Martin Kern's objection upon the grounds that he had failed to demonstrate that any portion of ECF No. 185 to which he had objected is clearly erroneous. *See* Memorandum Opinion and Order (ECF No. 258). Defendant Martin Kern declared on December 23, 2010, that he would answer Interrogatory No. 19 for the period January 2002 to the present "should this Court affirm the decision of Magistrate Judge Limbert and require discovery by Kern within the broader temporal scope sought by Plaintiff." *See* ECF No. 246 at 2.

>   E. MJK Publishing and Productions, LLC (5/16/07)
>   F. MJK Holdings, LLC (5/16/07)
> 
> Mr. Kern believes he may also have owned interests in three other LLCs known as MD1, LLC, Vandalay, LLC, and Mountain Madness, LLC. Dates of inception or ending are unknown.

ECF No. 197-1 at 3-4.

The Court adopts the Interim Report and Recommendation (ECF No. 222) and agrees with Magistrate Judge Limbert that Plaintiff's argument for sanctions, including attorney's fees, pursuant to Fed. R. Civ. P. 37(b)(2), "misconstrues the Court's holding and takes it out of context." ECF No. 222 at 2. The Court finds that Defendant Martin Kern had complied with the Court's Order (ECF No. 185) as of the date ECF No. 222 was entered and that Plaintiff's request for sanctions is misplaced.

### III. Defendant Daniel Branch (ECF No. 224)

In April 2010, Plaintiff propounded interrogatories, requests for production of documents, and requests for admission on Defendant Daniel Branch. *See* ECF No. 163-1. The discovery requests included a blank verification page (ECF No. 163-1 at 24). Defendant Daniel Branch failed to respond. Thereafter, the Magistrate Judge Limbert entered an Order (ECF No. 186) requiring Defendant Daniel Branch to "furnish *complete* responses" to Plaintiff's interrogatories and requests for production of documents on or before October 29, 2010. ECF No. 186 at 2 (emphasis added). Pursuant to Fed. R. Civ. P. 36(a)(3), Defendant Daniel Branch's failure to respond within 30 days meant that the requests for admission are deemed admitted by default.

The Magistrate Judge observed that "Mr. Branch has ignored the clear directives of this Court and has offered no explanation for doing so. Therefore, the undersigned

5

recommends that the Court find Mr. Branch's inaction to be willful and with disregard to his obligations as a party to this lawsuit." ECF No. 224 at 3. Magistrate Judge Limbert recommends that default judgment be entered against Defendant Daniel Branch, unless he complies with the Court's prior discovery Order (ECF No. 186) on or before December 20, 2010. *See* ECF No. 224 at 3 and 5.

On December 20, 2010, Defendant Daniel Branch filed a Response to Admissions, Interrogatories, Production of Documents (ECF No. 241) and a Response to Subpoena for Vanndelay Industries , LLC (ECF No. 242), but failed to sign or verify his interrogatory responses. *See* Fed. R. Civ. P. 33(b)(5). Additionally, Defendant Daniel Branch did not provide any documents to Plaintiff on or before December 20, 2010 as ordered. *See* ECF No. 257 at 5-7. Defendant Daniel Branch has failed to comply with the Court's prior discovery Order (ECF No. 186). He has failed to avail himself of his final opportunity to "furnish complete responses" to interrogatories and requests for production of documents. *See* ECF No. 257 at 4-5.

Fed. R. Civ. P. 72(b)(2) provides that objections to a report and recommendation must be filed within fourteen (14) days after service. No party has filed any such objections. Therefore, the Court assumes the parties are satisfied with the recommendation of the magistrate judge. Any further review by the Court would be a duplicative and inefficient use of the Court's limited resources. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

6

Accordingly, the Amended Report and Recommendation of the Magistrate Judge (ECF No. 224) is hereby adopted. The Court finds Defendant Daniel Branch to be in violation of the Court's prior Order (ECF No. 186) to fully and properly provide or permit timely discovery.

### IV. Defendant David Branch (ECF No. 256)

On August 9, 2010, Magistrate Judge Limbert entered an Order (ECF No. 139) that provides in pertinent part:

> Defendant David Branch has elected to proceed in this matter pro se. Therefore, he *must* cooperate with opposing counsel during discovery. His conduct and utter refusal to communicate with counsel frustrates the discovery process and places an unnecessary burden on opposing counsel and the Court. Therefore, the Court ORDERS Defendant David Branch to pay Plaintiff's attorneys' fees associated with preparing its motion to compel (ECF Dkt. #105). **The Court further notes that a continued failure to cooperate in discovery could result in a summary judgment or default judgment against him.** *See* **Fed R. Civ. P. 37(b)[(2)(A)](vi).**

ECF No. 139 at 5 (emphasis in italics original; boldface added).

The Court has reviewed the Interim Report and Recommendation Regarding Plaintiff's Motions for Sanctions Against Defendant David Branch (ECF No. 256) *de novo*. The Court has also considered the "Response, Filing and Compliance by Defendant David C. Branch in Reference to Magistrate [Judge] Limbert's Document; Reference #256" (ECF No. 260),[2] Defendant David Branch's Letter (ECF No. 261) and

---

[2] This document is not an objection pursuant to Fed. R. Civ. P. 72(b)(2) and Local Rule 72.3(b). Rather, it is an attempt at late compliance with the Magistrate Judge Limbert's prior discovery orders.

7

Copy Request (ECF No. 262),[3] Plaintiff's Limited Objection in Part (ECF No. 264), Defendant David Branch's "Response and Supported Objection" to ECF No. 264 (ECF No. 265), Plaintiff's Response to ECF No. 260 (ECF No. 267), and Defendant David Branch's Response to ECF No. 267 (ECF No. 268). The Court agrees with the recommendation of the Magistrate Judge that Plaintiff's motions (ECF Nos. 197 and 203) be granted with respect to Defendant David Branch.

The Court adopts the Interim Report and Recommendation. ECF No. 256). In applying the four relevant factors set forth in *Regional Refuse Systems, Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154-55 (6th Cir. 1988)[4], to the conduct of Defendant David Branch, the Court will, herein, impose dispositive sanctions against Defendant David Branch for his failure to comply with discovery orders.

The Court finds Defendant David Branch's actions, including but not limited to his refusal to respond to Interrogatory No. 19, to be willful and with disregard to his obligations as a party to the instant matter. The Court agrees with Magistrate Judge Limbert that the record evidences Defendant David Branch's pattern of dilatory and obstructive behavior throughout the discovery process in the case at bar. *See* ECF No. 256 at 5.

---

[3] Local Rule 8.1(a) requires that the parties refrain from including, or partially redact, certain personal identifiers including social security numbers. Given the language of the rule, Defendant David Branch should have redacted all but the last four digits of his Social Security number at Block 1b of this Request for Copy of Tax Return, as well as the forms attached to ECF No. 260 at 10-13.

[4] Superseded by Fed. R. Civ. P. 37(c)(1) in 1993, but its test still applies to cases in which sanctions are brought pursuant to Fed. R. Civ. P. 37(b).

While it is true Defendant David Branch has produced some discovery that Plaintiff has requested, the Court finds that Defendant David Branch's overall actions have and will continue to result in prejudice to Plaintiff.

Turning to the third factor of the *Regional Refuse* test, the Court finds the record clearly shows that Defendant David Branch was warned by a judicial officer that "prohibiting [him] from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence" was a possibility. Fed. R. Civ. P. 37(b)(2)(A)(ii). *See* ECF No. 139 at 5.

Lastly, less drastic sanctions were previously imposed by Magistrate Judge Limbert in the form of a Court-ordered payment of attorney's fees, *see* Order (ECF No. 169), which still had not been paid as of the date the Interim Report and Recommendation of the Magistrate Judge was entered. ECF No. 256 at 4-5; *see also* ECF No. 267 at 6 (according to Plaintiff, its counsel had still not received payment as of January 28, 2011). Magistrate Judge Limbert stated:

> [Defendant David Branch's] actions range from disobeying a clear Court-order (directing him to pay attorneys' fees) to making misleading statements about his intent to produce documents. Ultimately, he has had ample opportunity to produce the information sought, and the undersigned has directed him to do so on several occasions, but he simply refuses to comply. Instead, Defendant has offered inadequate, inconsistent, and obstructive responses.

ECF No. 256 at 12. It appears to the Court that there's been a complete and willful failure by Defendant David Branch to provide Plaintiff with materials requested in discovery to which it's entitled. As Magistrate Judge Limbert observed, Defendant David Branch's conduct throughout the discovery phase of this case has been nonresponsive,

9

intentional, willful, "persistently obstructive," and "clearly willful, if not intentionally calculated to be evasive and misleading." ECF No. 256 at 11. It is not appropriate to simply refuse to produce documents that are clearly relevant to a claim then say, "well, I'll give you something less than that," and then, if what is offered is not accepted, to say, "well, I'm going to make the judicial officer order me to do it. And, if the judge then orders me to do it, well, I'll do it." That is not the way cases are handled in the courts, generally and it is certainly not the way matters are handled in this Court.

Plaintiff objects, in part, to the Interim Report and Recommendation of the Magistrate Judge (ECF No. 256) only to the extent that it does not award attorney's fees to Plaintiff pursuant to Fed. R. Civ. P. 37(b)(2)(C). *See* ECF No. 264 at 1-2. The objection is sustained. Here, Defendant Branch has demonstrated neither that his recalcitrance was substantially justified nor that an award of fees and costs would be unjust. *See Linde v. Arab Bank, PLC*, 269 F.R.D. 186, 204-205 (E.D.N.Y. 2010) (plaintiffs were entitled to attorneys' fees and costs arising out of Jordanian bank's failure to comply with discovery obligations).

Finally, the Court adopts the recommendation of the Magistrate Judge to deny Defendant David Branch's Request for a Phone Conference with Magistrate Judge Limbert (ECF No. 249) and grant Plaintiff's Motion for Leave to Seek Second Additional Items of Relief Through its Motion for Sanctions (ECF #197) Instanter (ECF No. 223).

## V. Conclusion

Plaintiff's Motion for Sanctions (ECF No. 197) and Plaintiff's Motion for Leave to Seek Additional Items of Relief Through its Motion for Sanctions (ECF #197)

*Instanter* (ECF No. 203) are granted with regard to Defendants Daniel Branch and David Branch only.

Plaintiff's unopposed Motion Requesting that the Court Adopt the Magistrate Judge's Amended Report and Recommendation Regarding Plaintiff's Motion for Sanctions Against Defendant Daniel Branch (ECF Dkt. 224) (ECF No. 257) is granted.

Judgment is hereby rendered in favor of Plaintiff Hitachi Medical Systems America, Inc. against Defendant Daniel Branch, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vi), in the amount of Three Million Two Hundred Eighty-six Thousand One Hundred Fifty-nine and 51/100 Dollars ($3,286,159.51). The judgment is one for fraudulent transfer with the intent to hinder, delay, and defraud creditors including Plaintiff. *See* 11 U.S.C. § 548(a)(1)(A). The judgment also permits Plaintiff to pierce the corporate veil holding Defendant Daniel Branch individually liable. This case will be set for a default judgment hearing to determine the amount of punitive damages, interest, and attorney's fees at the convenience of the Court.

Plaintiff's Motion for Leave to Seek Second Additional Items of Relief Through its Motion for Sanctions (ECF #197) Instanter (ECF No. 223) is granted.

Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(ii), Defendant David Branch is prohibited from supporting or opposing all claims or defenses and from introducing any evidence in the case at bar. On or before April 11, 2011, Defendant David Branch shall furnish all outstanding discovery to Plaintiff.

On or before April 18, 2011, lead counsel of record for Plaintiff shall submit an affidavit detailing the time expended and applicable hourly rate, together with an

itemization of costs incurred as a result of Defendant David Branch's failures to provide materials requested in discovery and to comply with discovery orders.  Thereafter, the Court will award the reasonable expenses, including attorney's fees, in favor of Plaintiff and against Defendant David Branch.

    Defendant David Branch's Request for a Phone Conference with Magistrate Judge Limbert (ECF No. 249) is denied.

    IT IS SO ORDERED.

| | |
|---|---|
| April 5, 2011 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |