PEARSON, J.

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| HITACHI MEDICAL SYSTEMS AMERICA, INC., ) | CASE NO. 5:09CV01575 |
| Plaintiff, ) | JUDGE BENITA Y. PEARSON |
| v. ) | |
| DANIEL BRANCH, *et al.*, ) | |
| Defendants. ) | **MEMORANDUM OF OPINION AND ORDER** (*Regarding* ECF No. 295) |

On April 5, 2011, the Court adopted Magistrate Judge George J. Limbert's Report and Recommendation recommending that the Court sanction *pro se* Defendant David Branch for his continued failure to cooperate in discovery by "prohibiting Defendant from supporting or opposing all claims or defenses, and from introducing any evidence," pursuant to Fed. R. Civ. P. 37(b)(2)(A)(ii).[1]  ECF Nos. 256 at 13; 295 at 11.  At the final pretrial hearing held on July 13, 2011, it was brought to the Court's attention that the parties interpreted the sanction "prohibiting Defendant from supporting or opposing all claims or defenses, and from introducing any evidence" as it relates to trial as essentially requiring David Branch to be subject to examination but to otherwise remain mute during the portions of the trial when evidence is presented.

Accordingly, the Court hereby amends that portion of its prior Order regarding David Branch's sanction issued on April 5, 2011(ECF No. 295) as follows:  Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(ii), the Court prohibits Defendant David Branch from *initiating* the introduction of,

---

[1] Fed. R. Civ. P. 37(b)(2)(A)(ii) prohibits "the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence."

(5:09CV01575)

reference to, or reliance upon documents or information in the form of or derived from documents or information that he failed to produce during pre-trial discovery. To the extent David Branch is questioned, by opposing counsel, about documents or information requested of him that he failed to produce, he may respond if under oath and on the witness stand, as described below.

During the final pretrial hearing, Plaintiff's counsel attempted service of a subpoena requiring the physical presence of David Branch at trial, making it seem that Plaintiff's counsel might be considering seeking evidence from David Branch at trial through testimony.[2] Carried to its most extreme literal meaning, the Court's earlier ruling would have caused David Branch's responses to questions, posed by opposing counsel, about documents and information not produced during pre-trial discovery to place David Branch in jeopardy of once again violating an order of the Court, by, minimally, giving an answer that supports or opposes a claim or defense or introduces evidence. The modification of the Court's ruling in ECF No. 295 permits the following to occur at trial: if questioned, by opposing counsel, about documents or information not produced pretrial, David Branch's testimony, during a responsive examination by his own counsel (or *pro se*) will be limited to the narrow scope of the line of questioning put to him during the earlier examination by opposing counsel. With that limitation, however, he will be permitted to testify about the same documents and information presented to him during opposing counsel's examination.

The balance of the Court's order, (ECF No. 295), remains in place.

---

[2] "Testimony is evidence that a competent witness under oath or affirmation gives at trial or in an affidavit or deposition." BLACK'S LAW DICTIONARY 1514 (8th ed. 2004).

(5:09CV01575)

  IT IS SO ORDERED.

| | |
|---|---|
| <u>August 11, 2011</u> | <u> */s/ Benita Y. Pearson*</u> |
| Date | Benita Y. Pearson |
| | United States District Judge |