PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HITACHI MEDICAL SYSTEMS AMERICA, INC., | ) ) ) | CASE NO. 5:09CV01575 |
| Plaintiff, | ) ) | JUDGE BENITA Y. PEARSON |
| v. | ) ) | |
| DANIEL BRANCH, *et al.*, | ) ) | **MEMORANDUM OF ORDER AND OPINION** (Resolving ECF No. 441 and |
| Defendants. | ) | 448) |

On November 23, 2011, the Court issued a Judgment Entry closing this case without having addressed Plaintiff Hitachi Medical Systems America, Inc.'s ("Hitachi") motion for an order setting the amount of expenses and attorneys' fees awarded in favor of Hitachi and against Defendant David Branch. ECF No. 441. Hitachi has moved the Court to correct this oversight. ECF No. 448.

A Court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. Fed. R. Civ. P. 60(a). For the following reasons, the Judgment Entry is amended to award Hitachi attorneys payable by David Branch, as requested.

**I.**

In an earlier issued Order adopting the findings of a magistrate judge,[1] the Court found that David Branch had completely and willfully failed to provide Hitachi with materials requested

---

[1] The Court's initial order was later modified in a way that has no effect upon the issue resolved herein.

(5:09CV01575)

in discovery to which it was entitled.[2]  ECF No. 295 at 9.  The Court explained, and as Magistrate Judge Limbert observed, that David Branch's conduct throughout the discovery phase of this case has been nonresponsive, intentional, willful, "persistently obstructive," and "clearly willful, if not intentionally calculated to be evasive and misleading."  ECF Nos. 256 at 11; 295 at 10.  In accordance with the Court's Order, lead counsel of record for Hitachi submitted an affidavit detailing the time expended and applicable hourly rate, together with an itemization of costs incurred as a result of Defendant David Branch's failures to provide materials requested in discovery and comply with discovery orders.  ECF Nos. 295 at 11-12; 308.  Defendant David Branch objected by generally complaining that Hitachi's affidavit includes excessive and misrepresented time expended and costs incurred.  ECF No. 319.  David Branch's opposition fails, however, to pinpoint excessive and misrepresented itemized costs or to otherwise persuade the Court that the $64,940.50 in attorneys fees sought is unreasonable.  Notably, David Branch encourages the Court to impose the sanctions "it feels are deserved for this behavior."  ECF No.319.

## II.

Rule 37 of the Federal Rules of Civil Procedure instructs that the Court must order the disobedient party, perhaps in addition to other sanctions, to pay the reasonable expenses, including attorneys fees, caused by the failure, unless the failure was substantially justified.  *See*

---

[2]  Fed. R. Civ. P. 37(b)(2)(C) provides, for failure to comply with a discovery order, the Court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

(5:09CV01575)

Fed. R. Civ. P. 37(b)(2)(A). It is well-established that Rule 37(c)(1), as enacted in 1993, mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified. *See Salgado v. General Motors Corporation*, 150 F.3d 735, 742 n. 6 (7th Cir.1998) (holding that Rule 37(c)(1) puts teeth into Rule 26 and that "the district court acted well within its discretion when it decided to impose the sanction of precluding the witnesses from testifying" since "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless"); *Ames v. Van Dyne*, No. 95-3376, 1996 WL 662899 at **4 (6th Cir. Nov. 13, 1996) ("'Rule 37 is written in mandatory terms and is designed to provide a strong inducement for disclosure of Rule 26(a) material.'") (quoting *Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153, 156 (3d Cir.1995)) (citation and internal quotation marks omitted).

Rule 37 cautions that sanctions must be "just," meaning that the severity of the sanction must be commensurate with the non-compliance. Fed. R. Civ. P. 37(b)(2)(A). When determining the sanction for exclusion of the evidence under Rule 37(c), "the test is very simple: the sanction is mandatory unless there is a reasonable explanation of why Rule 26 was not complied with or the mistake was harmless." *Vance ex rel Hammons v. United States*, 182 F.3d 920 (6th Cir.1999) (rejecting a similar argument).

### III.

There is no question that David Branch violated Rule 26 and orders of the Court by failing to timely produce requested discoverable information and documents. ECF No. 295. As explained in earlier rulings, David Branch's failure to comply was not justified, substantially or

3

(5:09CV01575)

otherwise. *See* ECF No. 295. Additionally, David Branch's failure to provide relevant and discoverable information and documents was certainly not harmless as evidenced by the expense and effort borne by Hitachi's counsel to attempt to equip themselves with that David Branch failed to provide.

    The Court has carefully reviewed of the affidavit of Hitachi's lead counsel and its supporting documentation. The submission reflects reasonable hourly rates and lengths of time spent on relevant litigative tasks necessary to compensate for David Branch's noncompliance and, ultimately, just compensation for the egregious noncompliance of David Branch.

    Pursuant to Rule 60(a), the Court hereby amends the Judgment Entry, ECF No. 444, to reflect its ruling that David Branch is ordered to pay to Plaintiff Hitachi Medical Systems America, Inc. $64,940.50.

    IT IS SO ORDERED.


December 23, 2011                       */s/ Benita Y. Pearson*
Date                                      Benita Y. Pearson
                                            United States District Judge