PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| HITACHI MEDICAL SYSTEMS AMERICA, INC., | ) ) ) | CASE NO. 5:09CV01575 |
| Plaintiff, | ) ) | JUDGE BENITA Y. PEARSON |
| v. | ) ) ) | |
| DANIEL BRANCH, *et al.*, | ) ) | **MEMORANDUM OF OPINION AND ORDER** (Resolving ECF Nos. 447, 451, |
| Defendants. | ) | 453, 454, 459, 469) |

Before the Court are several post-trial motions filed by Plaintiff Hitachi Medical Systems America, Inc. ("Hitachi" or "Plaintiff"), Defendant Martin Kern, and Defendant David Branch (collectively "Defendants"). Plaintiff filed a Motion for a New Trial (ECF No. 447); Defendant Kern filed a Motion to Strike Juror Letter and Counsel's Affidavit (ECF No. 451); Defendant David Branch filed a Motion to Strike Juror Letter and Counsel's Affidavit (ECF No. 453), a Motion to Disqualify Plaintiff's Counsel (ECF No. 454), a Motion to Alter or Amend Judgment (ECF No. 459), and a Motion for Rule 11 Sanctions (ECF No. 469).

For the reasons that follow, the Court grants Defendants' motions to strike the juror letter and Counsel's affidavit (ECF Nos. 451; 453), and denies the remaining motions.

## I. Background

In 2009, Hitachi brought suit alleging a series of fraudulent transfers made by Defendants Martin Kern, David Branch, and Daniel Branch in an attempt to obscure assets and avoid paying debts owed to Hitachi.[1] ECF Nos. 1; 284 at 5. After granting partial summary judgment in favor

---

[1] In 2007, Hitachi brought suit against Defendants alleging claims for breach of contract, unjust enrichment, detrimental reliance, and fraud. *See Hitachi Medical Systems America, Inc. v.*

(5:09CV01575)

of Defendant Kern finding that he had not pierced the corporate veil of JFB Holdings, Inc., Hitachi's claims were tried to a jury on November 1, 2011.  *See* ECF No. 425.  At the conclusion of an eight-day trial, the jury found in favor of Defendants David Branch and Martin Kern.  ECF No. 450.  The parties then filed the post-trial motions described above.

## II.  Discussion

### A.  Hitachi's Motion for a New Trial

Hitachi seeks a new trial based upon the Court's alleged failure to:  (1) provide the jury with the proper legal standard for piercing the corporate veil and (2) address the jury's question pertaining to the "exercise of control" during deliberations, pursuant to Fed. R. Civ. P. 59(a). ECF Nos. 447; 458.  As support, Hitachi relies upon the jury's question posed to the Court during deliberations, a juror's remark to Plaintiff's Counsel at the end of trial, and a juror's letter mailed to Plaintiff's Counsel.

Hitachi argues that "the jury instructions, as given, were not a proper statement of the law[] *because* the jury's question about the instructions evidences that the jurors were confused about the law they should have applied . . . ."  ECF No. 458 at 2 (emphasis added).  Hitachi further argues that a juror's post-trial comment and another juror's unsolicited letter "reveal that the jurors did not understand how to determine if Defendants exercised control; thus, when they determined that the corporate veil should not be pierced as to Defendants, they did so

---

*Horizon Medical Group*, *et al.*, 5:07CV2035.  Judge Lioi entered a judgment in favor of Hitachi and against Horizon for the breach of contract claim in the amount of $2,823,783.80, and judgments in favor of Hitachi and against Horizon and its affiliates totaling $462,375.71.  *See* ECF Nos. 251; 252.

2

(5:09CV01575)

erroneously and without applying the proper legal standard." ECF Nos. 447; 458 at 4. Specifically, Hitachi alleges that the juror's remark "indicated that the Court's response to the jury question caused the panel to believe that they had to first determine if Defendants exercised control, and then, only if they made that finding, were they to proceed to consider the enumerated factors." ECF No. 447 at 6. Further, Hitachi explains that the letter indicated, among other things, that the jury found Defendant David Branch liable. ECF No. 447 at 6.

With the exception of three narrow circumstances, Federal Rule of Evidence 606(b) expressly restricts the role of jurors in attacking the validity of a verdict:

> During an inquiry into the validity of a verdict or indictment, a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment. The court may not receive a juror's affidavit or evidence of a juror's statement on these matters.

Fed. R. Evid. 606(b)(1).[2]

The Senate Report on Rule 606(b) succinctly explains the rationale for barring post-verdict scrutiny of jury deliberations:

> Public policy requires a finality to litigation. And common fairness requires that absolute privacy be preserved for jurors to engage in the full and free debate necessary to the attainment of just verdicts. Jurors will not be able to function effectively if their deliberations are to be scrutinized in post-trial litigation. In the

---

[2] Rule 606(b) permits juror testimony regarding: (1) "whether extraneous prejudicial information was improperly brought to the jury's attention," and (2) "whether any outside influence was improperly brought to bear upon any juror." Fed. R. Evid. 606(b)(2). "Extraneous influence" has been defined as one derived from specific knowledge about or a relationship with either the parties or their witnesses. Garcia v. Andrews, 488 F.3d 370, 376 (6th Cir. 2007). Additionally, to guard against clerical errors, a recent amendment to 606(b) now allows testimony regarding "whether there was a mistake in entering the verdict onto the verdict form." Fed. R. Evid. 606(b)(2).

3

(5:09CV01575)

> interest of protecting the jury system and the citizens who make it work, rule 606 should not permit any inquiry into the internal deliberation of the jurors.

S.Rep. No. 1277 at 13 (1974), reprinted in 1974 U.S.C.C.A.N. 7051; *see also* *United States v. Gonzales*, 227 F.3d 520, 525 (6th Cir. 2000)).

Hitachi's arguments for a new trial directly and solely relies upon the jury's mental processes by which the jurors arrived at their decision. Hitachi attempts to parry Rule 606(b)'s application by arguing that its motion for a new trial "is not dependent upon the juror letter or counsel's affidavits for support." ECF No. 458 at 1. Hitachi later describes such evidence as "anecdotal." ECF No. 458 at 4. Assuming, *arguendo*, that the Court disregarded Hitachi's "anecdotal" evidence, Hitachi's remaining argument (*i.e.*, the jury's question posed to the Court during deliberations) still probes into the jurors' mental processes, which Rule 606(b) expressly prohibits. *See generally* *United States v. Gonzales*, 227 F.3d 520 (6th Cir. 2000). Simply seeking to inquire as to the reasons for the verdict is not a proper subject of inquiry. *Wilkerson v. Johnson*, 699 F.2d 325, 330 (6th Cir. 1983). Accordingly, Hitachi's Motion for a New Trial is denied.[3] ECF No. 447.

### B. Defendant Kern's and Defendant Branch's Motion to Strike

Defendants Kern and David Branch move separately for the Court to strike from the

---

[3] The Court notes that it properly instructed the jury in this case, and the jury arrived at a rational verdict based upon reasonable inferences arising from the evidence presented at trial, both as to liability and damages. "A trial court has broad discretion in drafting jury instructions and does not abuse its discretion unless the jury charge fails accurately to reflect the law." *United States v. Beaty*, 245 F.3d 617, 621 (6th Cir. 2001) (internal citations and quotations omitted). The Sixth Circuit has held that "no single provision of the jury charge may be viewed in isolation, rather, the charge must be considered as a whole." *Id*. at 621-622 (citing *United States v. Lee*, 991 F.2d 343, 350.

(5:09CV01575)

record the juror's letter and Counsel's affidavits, pursuant to Fed. R. Civ. P. 606(b).  ECF Nos. 451; 453; 447-3 (affidavit of Stephanie Dutchess Trudeau); 447-4 (redacted letter from juror); 447-5 (affidavit of Christine Watchorn).

In light of the Court's finding that Counsel's affidavits and the juror's letter fall within the territory prohibited by Rule 606(b), the Court "may not receive a juror's affidavit or evidence of a juror's statement on these matters."  Fed. R. Evid. 606(b)(1).  Accordingly, Defendant Kern's and Defendant David Branch's motions to strike are granted.  ECF Nos. 451; 453.

### C. Defendant Branch's Motion to Disqualify Plaintiff's Counsel

Defendant David Branch moves the Court to disqualify Plaintiff's Counsel for filing affidavits describing both jurors' post-trial remarks and, thereby, simultaneously acting as a witness and counsel in violation of Ohio Rule of Professional Conduct 3.7.  ECF No. 454.  Ohio Prof. R. Conduct 3.7 states, in pertinent part:

> (a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless one or more of the following applies:
>
>> (1) the testimony relates to an uncontested issue;
>>
>> (2) the testimony relates to the nature and value of legal services rendered in the case;
>>
>> (3) the disqualification of the lawyer would work substantial hardship on the client.

Ohio Prof. R. Conduct 3.7(a)(1)-(3).

In light of the Court's ruling striking Counsels' affidavits and the juror's letter, David Branch's argument that "by offering [Plaintiff's] affidavit[s] in support of [their] motion for new trial, Plaintiff's attorneys have chosen to become witnesses on behalf of their client" is not a

5

(5:09CV01575)

practice the Court envisions.  Accordingly, Defendant David Branch's motion to disqualify Plaintiff's Counsel pursuant to Ohio Prof. R. Conduct 3.7 is denied as moot.

### D. Defendant Branch's Motion to Alter or Amend Judgment

The purpose of Federal Rule of Civil Procedure 59(e) is to provide the trial court the opportunity to cure its own mistakes.  Howard v. U.S., 533 F.3d 472, 475 (6th Cir. 2008).  The decision whether to alter or amend a judgment is within the discretion of the trial judge.  Betts v. Costco Wholesale Corp., 558 F.3d 461, 467 (6th Cir. 2009).  Importantly, a motion under Rule 59(e) is not an opportunity to re-argue a case, Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir.1998), nor is it a proper vehicle to "raise arguments which could, and should, have been made before judgment issued." Id.  The Sixth Circuit acknowledges four grounds that justify altering or amending a judgment:  "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice."  American Civil Liberties Union of Kentucky v. McCreary, 607 F.3d 439, 450 (6th Cir. 2010) (citing Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005).

In the instant case, Defendant David Branch attempts to re-litigate previously resolved issues and raise arguments that could have been made before the Court issued the amended judgment (ECF No. 450), which is contrary to the purpose of Rule 59(e).  Defendant David Branch's arguments relating to the attorneys' fees sanction and failure to provide discoverable information have already been considered and rejected by the Court.  See ECF Nos. 449; 459.  In its Order, the Court addressed David Branch's arguments by stating the following:

6

(5:09CV01575)

> Defendant David Branch objected by generally complaining that Hitachi's affidavit includes excessive and misrepresented time expended and costs incurred. ECF No. 319.  David Branch's opposition fails, however, to pinpoint excessive and misrepresented itemized costs or to otherwise persuade the Court that the $64,940.50 in attorneys fees sought is unreasonable.  Notably, David Branch encourages the Court to impose the sanctions "it feels are deserved for this behavior."  ECF No. 319.
>
> There is no question that David Branch violated Rule 26 and orders of the Court by failing to timely produce requested discoverable information and documents. ECF No. 295.  As explained in earlier rulings, David Branch's failure to comply was not justified, substantially or otherwise.  *See* ECF No. 295.  Additionally, David Branch's failure to provide relevant and discoverable information and documents was certainly not harmless as evidenced by the expense and effort borne by Hitachi's counsel to attempt to equip themselves with that David Branch failed to provide.
>
> The Court has carefully reviewed of the affidavit of Hitachi's lead counsel and its supporting documentation.  The submission reflects reasonable hourly rates and lengths of time spent on relevant litigative tasks necessary to compensate for David Branch's noncompliance and, ultimately, just compensation for the egregious noncompliance of David Branch.

ECF No. 449 at 2-4.  To the extent that Defendant David Branch alleges a new facet of an argument relating to the attorneys' fees sanction and discovery, the Court properly rejects such contentions as arguments that could have been made before the Court issued the amended judgment.

Further, Defendant David Branch's argument that the Court failed to provide him with an opportunity for a hearing on the record for Plaintiff's award of attorneys' fees as a discovery sanction is moot.  ECF No. 459 at 7-9.  To the contrary, the docket reflects that on February 13, 2012, the Court held an evidentiary hearing addressing David Branch's allegation that he had not been provided a hearing in advance of the sanction awarded and included in the amended judgment entry.  At that time, and according to the transcript, Counsel had the full attention of

7

(5:09CV01575)

the Court to supplement what they had written and address all concerning matters.  In light of this opportunity, Defendant David Branch's argument provides no basis for altering or amending the Court's judgment, as there is no intervening change in the law, no new evidence, no clear legal error, and not risk of manifest injustice.  Defendant David Branch's motion is denied.

### E.  Defendant David Branch's Motion to Sanction Plaintiff's Counsel under Rule 11

Defendant David Branch moves the Court to sanction Plaintiff's Counsel for filing affidavits describing two jurors post-trial remarks, pursuant Federal Rule of Civil Procedure 11. ECF No. 454.

Rule 11 sanctions may be imposed if "'a reasonable inquiry discloses the pleading, motion, or paper is (1) not well grounded in fact, (2) not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay.'" Merritt v. Intern. Machinists and Aerospace Workers, 613 F.3d 609, 626 (6th Cir. 2010) (quoting Herron v., Jupiter Transp. Co, 858 F.2d 332, 335 (6th Cir. 1998)).  The purpose of Rule 11 sanctions is to deter abuse of the legal process and "facilitate the imposition of sanctions against attorneys who disregard their professional responsibilities to the court." Id.

Because the Court does not believe Plaintiff's counsel filed the affidavits in bad faith, the Court declines to impose sanctions upon Plaintiff's counsel.  Defendant David Branch's motion for Rule 11 sanctions is denied.

### III.  Conclusion

For the aforementioned reasons, the Court grants Defendant Martin Kern's and

(5:09CV01575)

Defendant David Branch's Motions to Strike the Juror Letter and Counsel's Affidavit (ECF Nos. 451; 453). The Court denies Plaintiff Hitachi Medical Systems America Inc.'s Motion for a New Trial (ECF No. 447). The Court denies as moot Defendant David Branch's remaining motions (ECF Nos. 454; 459; 469).

    IT IS SO ORDERED.


September 5, 2012                               */s/ Benita Y. Pearson*
Date                                            Benita Y. Pearson
                                                        United States District Judge